FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY O'KEEFE, | No. 08-55339 |
| Petitioner - Appellant, | D.C. No. 3:04-CV-02088-W-NLS |
| v. | |
| MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted August 30, 2010[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and GOULD, Circuit Judges.

O'Keefe's habeas petition does not allege facts which, if true, would entitle

him to habeas relief on either his Sixth or his Fourteenth Amendment claim. *See*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). The California state court record—including the transcripts, letters from O'Keefe, and two mental health evaluations—shows that O'Keefe actively participated in his defense, understood the consequences of his guilty plea, and expressed his sentencing preferences to the trial court. *See Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). In light of the state court record, O'Keefe's allegations of incompetence are insufficient to compel an evidentiary hearing and the district court did not abuse its discretion in declining to hold one. *See Landrigan*, 550 U.S. at 474 ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

Similarly, the record shows that O'Keefe's counsel negotiated a reasonable plea bargain and adequately investigated O'Keefe's mental health. Therefore, O'Keefe has not shown that the state court's rejection of his ineffective assistance claim was unreasonable. *See* 28 U.S.C. § 2254(d); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**AFFIRMED.**